THE SANITARY DISTRICT OF CHICAGO, Appellant, *vs.* OTTO BAUMBACH *et al.*—(LOUISA QUADE *et al.* Appellees.)

*Opinion filed October 27, 1915—Rehearing denied Dec. 10, 1915.*

1. EMINENT DOMAIN—*when the jury's conclusion as to value of land not taken will not be disturbed.* Where the jury, on a cross-petition for damages to land not actually taken, have viewed the premises and fixed a compensation within the range of the estimates of the witnesses for both parties, and it does not appear that passion or prejudice has influenced their action, their verdict as to land values and damages will not be disturbed on appeal.

2. SAME—*measure of damages to land not taken.* On a cross-petition for damages to land not actually taken in condemnation proceedings the cross-petitioner is entitled to the highest fair cash market value of the land for the best use to which it is adapted.

3. SAME—*when spoil banks of proposed canal are an element in determining damages to land not taken.* The presence of spoil banks of a proposed canal, if they must be located so near the land not taken as to injure its sale if subdivided for residence and business purposes, which the owner claims is its best adapted use, is a proper element for the witnesses to take into consideration in estimating the damages to the land.

4. SAME—*when expert witnesses may testify as to injury to land not taken in construction of a canal.* Where the extent to which land not taken in condemnation proceedings will be injured by the construction of a canal in the manner disclosed by the proof is largely a matter of opinion, it is proper to take the testimony of witnesses whose experience qualifies them to express such an opinion.

5. SAME—*when spoil banks may be considered an obstruction to view, light and air in estimating the damages to land not taken.* If there is evidence tending to sustain the theory of the cross-petitioner thát the use to which the land not taken is best adapted is subdivision for residence and business purposes, then the fact that spoil banks of the proposed canal will obstruct the view, light and air from any portion of the lands not taken may be proved as an element of damages.

6. SAME—*when the sale of lots in subdivision may be proved on the question of value of acre property.* The sale of lots in a subdivision may be proved on the question of the value of acre property, where the lots are only a block distant from the acre property, were adjacent to each other and sold as a single tract, and the subdivision was a subdivision only on paper.

7. SAME—*when lands will not be considered similarly situated for estimating value.* Lands situated about a mile away, near a negro settlement and farther from railroads and street railways than the land in question, will not be considered as being similarly situated.

8. SAME—*when instruction to assess damages once for all need not make exception for negligent or improper construction of proposed work.* An instruction which warns the jury of the effect of a final judgment in condemnation proceedings and directs them to assess damages once for all need not make exception for possible negligent or improper construction of the work, where it does not assume to direct a verdict but is only a part of a series of instructions, some of which tell the jury they must conclusively presume that the law will be complied with in all respects in constructing and maintaining the proposed work, the plans for which were in evidence, and where the entire series, taken together, fairly and fully instructs the jury as to the proper measure of damages,

9. EVIDENCE—*when hypothetical questions may be asked.* Hypothetical questions may be asked of witnesses in a condemnation proceeding where the matters assumed in them are based upon the evidence in the case and are not conjectural.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

EDMUND D. ADCOCK, (P. C. HALEY, and WALTER T. STANTON, of counsel,) for appellant.

I. T. GREENACRE, and O. F. REICH, for appellees.

270 — 9

Mr. JUSTICE COOKE delivered the opinion of the court:

Appellant, the Sanitary District of Chicago, filed its peti-
tion in the circuit court of Cook county for the condemna-
tion, among others, of two tracts of land, one owned by
Louisa Quade and one by Henry Haase, the appellees. Each
of the appellees filed a cross-petition claiming damages to
land not taken. The land proposed to be taken is for the
channel of appellant's canal and the necessary ground on
each side for spoil banks, and consists of 6.47 acres of land
belonging to Haase and 5.13 acres belonging to Mrs. Quade.
The properties of appellees adjoin and together consist of
about 22 acres which formerly belonged to their father.
The 22 acres lie just outside the limits of the city of Blue
Island, the east and south sides of the tract being adjacent
to the city. The tract is somewhat irregular in shape and
is 800 feet in width through that portion sought to be con-
demned for the right of way for the canal. Haase owns the
northern portion of the tract and Mrs. Quade the southern
portion. The petition seeks to condemn for right of way
purposes 446.16 feet off the south side of the property of
Haase and 353.73 feet off the north side of the land of Mrs.
Quade. This leaves a triangular tract of land at the north
end belonging to Haase which is not taken, and a tract of
land not taken on the south belonging to Mrs. Quade, in the
form of an irregular rectangle. The land of Haase not
taken consists of 4.70 acres and the land of Mrs. Quade
which is not taken consists of 6.06 acres. By the verdict of
the jury Haase was awarded $7164 for the land taken and
$2115 for the land not taken. Mrs. Quade was awarded the
sum of $6156 for the land taken and $3030 for the land not
taken, and judgment was entered accordingly. This appeal
has been perfected to review the judgment of the circuit
court.

Three grounds are urged for reversal: First, that the
damages allowed are excessive; second, that the court erred

in the admission and exclusion of testimony; and third, that the court improperly instructed the jury.

It was the theory of appellant that the use to which this land was best adapted was that of truck-farming, while appellees contend that the most beneficial use of which the land was susceptible was that of subdivision for business and residence purposes. As before stated, the whole tract adjoins the city of Blue Island, which is a city of about 10,000 inhabitants and adjoins the city of Chicago. Four steam railroads and one electric interurban railway pass through the city of Blue Island. The depots of two of the steam railroads are about one-half mile east of the two tracts sought to be condemned, the depot of the other steam railroad is about a block and a half east of these premises, and the interurban street railway runs within three blocks east of the two tracts. On the interurban line there are sixty trains or cars from Chicago and sixty to Chicago each day. On the steam railroads there are daily sixty-six passenger trains to Chicago and seventy-one from Chicago. The land adjoining these tracts on the east and south within the city of Blue Island is subdivided, and there are seventy-eight houses within 660 feet east and south of the 22-acre tract. Paved streets and sidewalks extend to the property and schools and churches are located in the immediate vicinity. The witnesses for appellant, testifying upon the theory that the best use of which this land was susceptible was that of truck-farming, testified that the Haase land taken was worth from $400 to $500 per acre and that of Mrs. Quade from $400 to $700 an acre. These same witnesses estimated the damages to the remainder of the Haase land to be from nothing to $100 an acre and the damages to the remainder of Mrs. Quade at from nothing to $50 an acre. On the other hand, witnesses on the part of appellees, testifying upon the theory that the use for which the land was best susceptible was that of subdivision for residence and business purposes, testified that the land of Haase taken was

worth from $1500 to $2000 an acre and that of Mrs. Quade from $1600 to $2000 an acre, while the damage done to the lands of Haase remaining was from $600 to $800 an acre and to the lands of Mrs. Quade remaining from $800 to $1250 an acre. The witnesses called on each side were men of large experience in dealing in lands in that general locality and showed a familiarity with land values. The jury viewed the premises and were thus enabled and empowered to use their own judgment, in connection with all the testimony, in determining the highest and best use to which the land could be put. Appellees were entitled to the highest fair cash market value of their land for the best use to which it was adapted. (*West Chicago Street Railroad Co.* v. *City of Chicago,* 172 Ill. 198; *Hartshorn* v. *Illinois Valley Railway Co.* 216 id. 392.) We have frequently held that where the jury have been permitted to view the premises in condemnation suits and have then fixed the compensation within the range of the estimates fixed by the witnesses for both parties as to the land taken and damages to the land not taken, and this court cannot see that passion or prejudice influenced their action, we are not warranted in disturbing the verdict. In this case the damages awarded were within the range of the estimates fixed by the various witnesses. This range is large and the damages awarded are large, but we cannot see, from a careful consideration of the testimony, that there is any evidence that the jury were influenced by passion or prejudice or that the award made is excessive.

In eliciting the opinions of the witnesses for appellees as to the damages sustained by the lands not taken, counsel for appellees were permitted, over the objection of counsel for appellant, to ask hypothetical questions which assumed that the space on each side of the channel would be occupied by berms, spoil banks and levees, and that the spoil banks would be from 10 to 20 feet in height, or substantially as high as the first 100 feet of spoil banks west of Francisco

avenue, being the avenue bounding the property of appellees on the west. Appellees called the engineer of appellant to the stand and the plans of construction of the canal were offered in evidence. These disclosed that a large proportion of the lands sought to be taken was for the purpose of placing thereon the material excavated from the channel of the canal and piled thereon in the form of what is called and referred to as spoil banks. These spoil banks are of considerable width at their base, and the engineer testified they would be from 10 to 20 feet in height. The engineer further testified that the canal to be constructed through the land sought to be taken was to be constructed under the same contract as that portion of the canal immediately west of Francisco avenue which was already constructed. The matters assumed in the hypothetical questions were therefore based upon the evidence in the case and were not conjectural, as appellant contends they were. The witnesses for appellees testified upon the theory that the land on both tracts not taken was best adapted for subdivision purposes. That a high and unsightly spoil bank located so near the property not taken in both tracts would injure the sale of these tracts if subdivided for residence and business purposes is apparent, hence it was proper for the witnesses to take the spoil banks into consideration in estimating the damages to the land not taken. The extent to which the land not taken would be injured by the construction of the canal in the manner disclosed by the proof is largely a matter of opinion, and was a proper subject upon which to take the testimony of witnesses whose experience qualified them to express such an opinion.

It is suggested that as the only residence property on the whole 22-acre tract was on the north end of that portion owned by Haase, it was improper to admit testimony as to damages for obstructing the view, light and air as to any other portion of the tract except that on which this dwelling was located. This contention excludes entirely the theory

upon which appellees presented their case, that the use to which this whole tract was best adapted was subdivision for residence and business purposes. If that is the correct theory,—and the jury no doubt so believed,—then if the spoil banks operated to obstruct the view and obstruct light and air from any portion of the lands not taken of either tract it was proper to prove this as an element of damages. We perceive no error in permitting the line of examination complained of.

It is further urged that the court erred in admitting evidence on the part of appellees of the sale of other lands in that immediate locality as having a bearing upon the value of the tracts in question. The chief basis of this objection is that the tract concerning which such evidence was admitted was a part of a subdivision, and for that reason was not similarly situated as acre property which had not been subdivided. It appears that the tract was about one block distant from the Haase tract, and while the land had been subdivided it was a subdivision on paper, only. All the lots sold were adjacent and together constituted a single tract. The property was sufficiently similar in every respect to the tracts involved in this proceeding as to make proof of the sale admissible. Furthermore, appellant was permitted to prove the sale of another tract in this same subdivision for the same purpose.

It is urged that the court erred in excluding testimony offered on the part of appellant as to sales of lands which it is claimed were similarly situated. Appellant offered to prove by one witness the sale of several tracts of land which were situated in the same general locality and were about a mile from the lands in question. These tracts were near a negro settlement. The electric car line is about a mile from the property, which is also situated from three-fourths to one and one-half miles further from the three railroads passing through Blue Island than the tract in question. There

are many points of dissimilarity, and the court did not err in refusing to admit this testimony.

It is finally contended that the court erred in giving the jury the following instruction:

"The court instructs the jury that the final judgment in this proceeding will forever bar each respondent, and all persons holding under such respondent, from in the future recovering any damages resulting from the laying out, establishing, constructing and maintaining hereafter the Calumet-Sag channel, together with its adjuncts and additions, in the manner contemplated in this case, and such damages, if any, to such remaining portion of the land of each respondent,—that is, the portion of such land not to be taken and appropriated by the Sanitary District of Chicago herein,—should be assessed once for all."

The objection to the giving of this instruction is, that it contains no reservation or exception in relation to the proper construction of the work but directs the jury to find the supposed damages to the remainder from any cause, whether it be the negligent or a lawful and proper construction of the work. We do not think this instruction, when considered with the series of which it is a part, will bear this construction. It refers only to such damages as result from what is to be done in contemplation of appellant's plans and specifications for the work and which were in evidence. The jury were told in other instructions that they must conclusively presume that appellant will in all respects comply with the law in constructing and maintaining its canal. This instruction did not direct a verdict and did not pretend to state all the law in the case, but is simply one of a series which, taken together, fully and fairly instructed the jury as to the proper measure of damages.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*